**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 07 2014, 5:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KURT A. YOUNG**
Nashville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CYNTHIA M. ALVEY,                    )
                                     )
    Appellant-Defendant,           )
                                     )
       vs.                        )     No. 07A01-1307-CR-328
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.            )

### APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Judith A. Stewart, Judge
Cause No. 07C01-1207-CM-250

**February 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Cynthia M. Alvey challenges the sufficiency of the evidence supporting her conviction for class C misdemeanor operating while intoxicated ("OWI"). In so doing, she invokes the "incredible dubiosity" rule – which has customarily been used to dispute the veracity of other witnesses – in order to dispute the veracity of her own statements to police officers. Alvey's approach, while unorthodox, is ultimately unavailing, and therefore we affirm her OWI conviction.

The relevant facts most favorable to the jury's verdict are that around 11:30 p.m. on July 13, 2012, Brown County Reserve Deputy Sheriff Mark Stargell responded to a dispatch and found a car with its lights off parked on the side of State Road 135 near a wooded area. Alvey was unconscious in the front passenger seat, and the keys were in the ignition. Deputy Stargell reached through the open window and shook Alvey, who was unresponsive. He checked Alvey's pulse and shone his flashlight on the woods to see if anyone was "maybe out of the car using the restroom or [] something like that." Tr. at 71. He saw no one and again attempted to awaken Alvey. After several minutes, she woke up. Her eyes were red, her speech was slurred, and she smelled of an alcoholic beverage. Deputy Stargell did not see any alcoholic beverage containers in or around the car. Alvey gave Deputy Stargell her driver's license. He checked the license, which was suspended, and the car, which was registered to Alvey, and turned the investigation over to Deputy Chad Williams, who had since arrived at the scene.

Deputy Williams asked Alvey what she was doing there. She said that she had fought with her boyfriend and then gone to her property on Lake Lemon "to try to cool off." *Id.* at

2

126. Alvey's property was slightly over a twelve-minute drive from where her car was parked. According to Alvey, she was returning home to Indianapolis when she was pulled over by two female officers wearing uniforms like the one Deputy Williams was wearing, who told her that she could park on the side of the road and "sleep it off" and "sober up." *Id.* at 127. No female Brown County sheriff's deputies were working that evening. Deputy Williams asked Alvey how her car got there, and she replied, "I drove it." *Id.* She said that she had not had anything to drink since she parked there and that her last drink was about four hours ago. Deputy Williams recorded this conversation on a digital audio recorder. He then administered three field sobriety tests, which were recorded on video, and Alvey failed them all. She agreed to submit to a chemical breath test, which indicated an alcohol concentration of .26.

The State charged Alvey with class A misdemeanor operating with an alcohol concentration equivalent of .15 or greater, class C misdemeanor OWI, and class A misdemeanor driving while suspended. The trial court entered a directed verdict on the first count, and the jury found Alvey guilty of the other two counts.

On appeal, Alvey challenges the sufficiency of the evidence supporting her OWI conviction. In reviewing a sufficiency claim, we do not reweigh evidence or judge witness credibility. *Lay v. State*, 933 N.E.2d 38, 41 (Ind. Ct. App. 2010), *trans. denied.* We consider only the evidence most favorable to the verdict and all reasonable inferences therefrom and will affirm if the evidence and inferences constitute substantial evidence of probative value to support the verdict. *Id.* "It is not necessary that the evidence overcome every reasonable

3

hypothesis of innocence." *Id*. at 41-42. "We will affirm if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt." *Id*. at 42.

Alvey invokes the "incredible dubiosity" rule, which our supreme court explained as follows:

> Within the narrow limits of the "incredible dubiosity" rule, a court may impinge upon a jury's function to judge the credibility of a witness. If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002) (citations omitted).

The statute under which Alvey was prosecuted, Indiana Code Section 9-30-5-2, states that "a person who operates a vehicle while intoxicated commits a Class C misdemeanor." "Intoxicated" means under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. Alvey notes that the issue at trial was whether she was intoxicated when she operated her vehicle, and she argues that her "statements concerning driving and timing were those of a highly intoxicated individual, whose other statements had been disregarded as untrue or impossible. Her statements were inherently improbable and wholly uncorroborated and, had they been proffered as testimony, would clearly constitute testimony of incredible dubiosity." Appellant's Br. at 8.

4

On the contrary, Alvey's statements regarding "driving and timing" were corroborated by other evidence. Alvey was found unconscious and unresponsive in her car on the side of the road approximately twelve minutes from her Lake Lemon property, and no other persons or alcoholic beverage containers were found in the vicinity. Her eyes were red, her speech was slurred, she smelled of an alcoholic beverage, she failed three field sobriety tests, and her alcohol concentration was .26. In light of this evidence, a juror reasonably could infer that Alvey consumed a large amount of alcohol before she started driving, that she operated her vehicle while intoxicated, and that she pulled over to the side of the road to "sleep it off" and "sober up." Tr. at 127. Moreover, other than her apparent lie about the female officers, the rest of Alvey's statements are neither incredibly dubious nor inherently improbable. As such, we conclude that the "incredible dubiosity" rule is inapplicable, and we must reject her invitation to reweigh evidence and judge witness credibility in her favor. Therefore, we affirm her OWI conviction.

Affirmed.

BAKER, J., and NAJAM, J., concur.